Thomas A. Aurelio, J.
Petitioner moves to stay arbitration. The basic contention is that there is no contractual relationship which requires the arbitration of any dispute arising by reason of the employment practices of Bud Berman. The article of the agreement claimed to be violated and giving rise to the dispute is as follows: “ The Employer agrees that it shall not hire a contractor to manufacture garments of the types made in its own factory or factories unless such factory or factories are first supplied with work. The Employer shall not hire a contractor to make such garments unless such contractor is in contractual relationship with the Union
It is asserted that the company’s factories have been working part time with decreasing personnel while contracting operations have been accomplished by the company indirectly through another in circumstances defeating the spirit and purpose of the agreement. We are concerned therefore with actions and occurrences involving performance of the contract by the company which respondent contends violate the agreement. Matters occurring after contract are for the arbitrator and this includes a question whether the company has purposefully designed its policy to divert its manufacturing and contract operations in violation of the spirit of the contract and has taken action directly or indirectly to that end.
The fact that the respondent may be disputing with Bud Berman does not exclude a dispute with petitioner under its con *583 tract and such dispute is sufficiently documented to support the contention that one exists. It is true that the cause and occasion for the alleged arbitrable dispute arose after contract and by reason of petitioner’s later acquisition of Bud Berman now its wholly owned subsidiary. Were the petitioner openly in operation of a merged business the preliminary questipn which it has presented would not have arisen even though the particular business was not mentioned in the contract,
The agreement is explicit that the company ‘ ‘ shall not hire ’ ’ except as provided. If the court were to determine that issue and found that the company did so hire in violation of the contract, nothing would remain for the arbitrator and the court will thereby have decided the arbitrable issue. That issue is not whether the respondent in contracting with the petitioner has also contracted with Bud Berman but whether the petitioner possessed as its own the opportunity to hire, proceeded to do so in pursuance of policy fixed by it, and did so contrary to the spirit of the agreement. The alleged diversion of work through the separate and newly organized corporation owned by the petitioner gives rise to a dispute concerning contractual meanings. Such questions pf interpretation and of breach are arbitrable under the arbitration provision of the contract.
The motion is denied,